UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMAR GUEYE,  
    Plaintiff,  
vs.  
JENNIFER BISHOP, et al.,  
    Defendants.

Case No. 1:14-cv-353

Dlott, J.  
Bowman, M.J.

### REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against Jennifer Bishop, Hamilton County Prosecutor's Office, City of Cincinnati, Cincinnati Law Department, Judge David Stockdale, Judge William Mallory, Hamilton County Municipal Court, Judge Patrick Dinkelake, Hamilton County Court of Appeals, Supreme Court of Ohio, Raymond Faller and the Hamilton County Public Defender's Office. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because Plaintiff fails to state any claim upon which relief many be granted.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all

actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's complaint alleges that he was wrongly convicted by Hamilton County

Sheriff Officer James McLure of obstruction of justice "based on some covered and vicious non-disclosed accusations by some employees of the Hamilton County Public Library. . . ." (Doc. 1, p. 3). Plaintiff claims he was wrongly banned from the Public Library for six months. Plaintiff further claims that "the case was dragged in Hamilton County Municipal Court and assigned to an African American prosecutor named Jennifer Bishop who gave contradicting information about her affiliation to both the Hamilton County and Cincinnati City Prosecutor's Office." William Tranter was assigned as Plaintiff's public defender and Judge David Stockdale presided over the matter. During the trial Plaintiff claims that Ms. Bishop maliciously suppressed evidence and "hatefully defamed" Plaintiff. Plaintiff further contends Judge Stockdale failed to give Plaintiff time to subpoena witnesses as a result of Mr. Tranter's failure to subpoena all necessary witnesses. Ultimately, Plaintiff "was convicted and fined." The "Hamilton County Appellate Division" upheld Plaintiff's conviction, as did the Ohio Supreme Court. Thereafter, Plaintiff contacted the Hamilton County Public Defender's office to expunge his conviction. The case was assigned to Judge William Mallory. Plaintiff asserts that Judge Mallory denied his expungement request on January 9, 2013. Plaintiff appealed Judge Mallory's decision to Hamilton County Appellate Court and that appeal remains pending.

In light of the foregoing, Plaintiff's complaint alleges the following causes of actions: "Denial of expungment of record of wrongful conviction, violation of the Freedom of Information Act, Cruel and Unusual Punishment, violation Plaintiff's Eighth amendment as incorporated in the Fourteenth and Fifth Amendment . . . and intentional inflection of emotional stress/pain." (Doc. 1, p. 6). As relief, Plaintiff seeks an Order from the court requiring the Hamilton County Municipal court and the State of Ohio to immediately respond

to Plaintiff's FOIA requests and issue a "declaration that Plaintiff is entitled to disclosure of the requested records." Plaintiff further seeks damages in the amount of fifty million dollars. Upon careful review, the undersigned finds that Plaintiff's complaint fails to state any claim for relief upon which relief may be granted.

First, Plaintiff has not stated a viable claim § 1983 claim against any of the named defendants. First, prosecuting attorney Jennifer Bishop, Judge Stockdale, Judge Mallory and Judge Dinkalaker should all be dismissed because they are absolutely immune from liability in this § 1983 action. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 340-43 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (prosecutorial immunity for alleged acts or omissions that are "intimately associated with the judicial phase of the criminal process"); *Mireles v. Waco,* 502 U.S. 9, 9-13 (1991) (per curiam) (and Supreme Court cases cited therein) (absolute immunity for actions taken by judges in their judicial capacity).

Next, the Hamilton County Prosecutor's Office, Hamilton County Municipal Court, Hamilton County Court of Appeals and the Supreme Court of Ohio should all be dismissed as defendants because they are not legal entities that are capable of being sued. *See, e.g.*, *Schleiger v. Gratiot Cnty. Prosecutor's Office,* No. 4:11cv13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted*, 2012 WL 95757 (E.D. Mich. Jan. 12, 2012); *Malone v. Court of Common Pleas of Cuyahoga County,* 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973))( "Absent express statutory authority, a court can neither sue nor be sued in its own right."); *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S.

4

312, 325 (1981) (Public defender could not be liable in pro se § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color of state law when performing traditional functions as counsel for the accused)).

Next, Plaintiff's claims against the City of Cincinnati (and/or the City's Law Department) and the Hamilton County Public Defender's Office also fail as a matter of law. Notably, a municipality cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 677 (in a § 1983 action, vicarious liability does not apply and supervisory defendants are liable only for their "own misconduct"); *see also Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978) (involving § 1983 claim against a municipality). *Cf. Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). *See also Powers v. Hamilton County Public Defender Commission,* 501 F.3d 592, 607 (6th Cir. 2007) (The Commission is not amenable to liability under a *respondeat superior* theory, and plaintiff has

not alleged facts to show the County had a custom or policy that was the moving force behind the deprivation of his rights so as to subject the Commission to liability for any constitutional torts of its employees.). In this case, Plaintiff has alleged no facts indicating that the City of Cincinnati and/or the Hamilton County Public Defender's office were acting pursuant to a governmental policy or custom in allegedly violating Plaintiff's rights. Therefore, Plaintiff has failed to state a viable § 1983 claim against those entities based on the theory of municipal liability.

Furthermore, to the extent that Plaintiff seeks damages based upon allegations relating to his conviction, such aclaim fails to state a viable claim for damages under § 1983 because a ruling in his favor would necessarily cast doubt on the validity of his state conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck,* 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Therefore, to the extent that plaintiff seeks to bring a cause of action under § 1983 attacking the

6

constitutionality of his state prosecution and resulting conviction and fine, he has not stated a claim upon which relief may be granted by this Court.

Additionally, Plaintiff's claim under the Freedom of Information Act ("FOIA) against the Hamilton Municpal Court and the State of Ohio also fail as a matter of law because FOIA does not apply to agencies of *state* government. See Title 5 U.S.C. § 552(a)(3). Notably, the definition of the agencies subject to the federal FOIA simply does not include state-government agencies. *See Hulshof v. Jurkas,* No. 4:05–cv–152, 2006 WL 2943302, *6 (W.D.Mich. Oct.13, 2006) (Robert Holmes Bell, C.J.) (citing *Butler v. Tenn. Bureau of Investigation,* No. 94–5082, 25 F.3d 1047, 1994 WL 194272, * 1 (6th Cir. May 16, 1994) (unpublished table decision, text in WestLaw) (per curiam) (Ryan, Norris, & Engel, Judges) "Upon review, we conclude that the district court did not abuse its discretion in dismissing Butler's complaint as frivolous. The FOIA simply does not apply to state agencies. Therefore, Butler's arguments are meritless.") (citing 5 U.S.C. § 551(1))); *Proctor v. Higher Educ. Assistance Found'n,* 2008 WL 2390790, *4 (S.D.Ohio June 9, 2008) (John Holschuh, J.) ("The FOIA governs only federal agencies.") (citing *Grand Central Partnership, Inc. v. Cuomo,* 166 F.3d 474, 484 (2d Cir.1999) ("It is beyond question that FOIA applies only to federal and not to state agencies.")).

Accordingly, the undersigned concludes Plaintiff has failed to state a viable claim for relief under 42 U.S.C. § 1983 and/or FOIA. As such, to the extent that Plaintiff's complaint also asserts claims for intentional infliction of emotion distress under Ohio Law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir.2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims

before trial, it generally should dismiss the state law claims as well).

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AMAR GUEYE,

    Plaintiff,

vs.

JENNIFER BISHOP, et al.,

    Defendants.

Case No. 1:14-cv-353

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).