UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye,

        Plaintiff,

                                            Case No.: 1:14-cv-353

v.

                                            Judge Michael R. Barrett

Jennifer Bishop, *et al.*,

        Defendants.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's May 21, 2014 Report and Recommendations ("R&R"). The Magistrate Judge recommends that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B).

Also before the Court is Plaintiff's Motion for Speedy Trial. (Doc. 6).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).[1] Plaintiff filed Objections to the R&R. (Doc. 5). For the reasons stated below, the Court OVERRULES Plaintiff's Objections.

**I.**     **Background**

Plaintiff was granted leave to proceed *in forma pauperis* in this matter. (Doc. 2). Plaintiff's claims center around his alleged illegal conviction. In his Complaint, Plaintiff alleges that he was wrongly convicted of obstruction of justice by Hamilton County

---

[1] Notice was attached to the Report regarding objections. (Doc. 4, PAGEID # 35).

Sheriff Officer James McLure. Plaintiff claims he was wrongly banned from the Hamilton County Public Library, and the case was "dragged in Hamilton County Municipal Court and assigned to an African American prosecutor named Jennifer Bishop who gave contradicting information about her affiliation to both the Hamilton County and Cincinnati City Prosecutor's Office." Plaintiff alleges that Bishop suppressed evidence and defamed him. Plaintiff also alleges that the presiding judge, Judge David Stockdale, refused to allow him time to subpoena witnesses after his assigned public defender, William Tranter, failed to do so. Plaintiff alleges that after he was convicted and fined, he attempted to have his conviction expunged, but Judge William Mallory denied his request.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of the Fifth, Eighth and Fourteenth Amendments. Plaintiff also claims a violation of the Freedom of Information Act ("FOIA") based on Plaintiff's FOIA request to the Hamilton County Municipal Court and the State of Ohio. Finally, Plaintiff brings a claim of intentional infliction of emotional distress.

The Magistrate Judge found that Bishop, Judge Stockdale, Judge Mallory and Judge Dinkelacker[2] have absolute immunity from Plaintiff's Section 1983 claims. The Magistrate Judge found that the claims against the Hamilton County Prosecutor's Office, Hamilton County Municipal Court, Hamilton County Court of Appeals and the Supreme Court of Ohio should be dismissed because these Defendants are not legal entities which are capable of being sued. The Magistrate Judge found that the claims against the City of Cincinnati (and/or the City's Law Department) and the Hamilton

---

[2]Plaintiff names "Judge Patrick Dinkelake" in the Complaint, but does not include any factual allegations against Judge Dinkelacker.

County Public Defender's Office should be dismissed because under *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978) a municipality cannot be held vicariously liable for the acts of its employees. The Magistrate Judge explained that Plaintiff has not alleged that a policy or custom of the City of Cincinnati or the Hamilton County Public Defender's Office resulted in a violation of his constitutional rights. In addition, the Magistrate Judge found that to the extent Plaintiff's claims were based upon his conviction, his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) because Plaintiff had not alleged that the decision resulting in his confinement was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Finally, the Magistrate Judge found that Plaintiff failed to state a claim under the Freedom of Information Act because the Act does not apply to agencies of state government. Because the Magistrate Judge recommended dismissing Plaintiff's federal claims, the Magistrate Judge recommended declining to exercise supplemental jurisdiction over Plaintiff's claim for intentional infliction of emotional distress.

Plaintiff objects on the following enumerated basis: (1) his Complaint is not frivolous because it arises from the "malicious and vicious collective acts of all defendants who have deliberately violated Plaintiff's constitutional rights;" (2) Defendants have acted as "agents of the State to convict an innocent man based on their hateful agenda to retaliate for the everlasting legal consequences of Binafou Simpara's case in Hamilton County, Ohio;" (3) Plaintiff has established "a claim upon which Plaintiff must by law be remunerated for the liabilities of Defendants to an amount

3

not less than Fifty Million Dollars;" and (4) none of Defendants are "immune from the consequences of their misconducts."

Plaintiff makes a variety of other objections which question the proper standard of review under 28 U.S.C. § 1915; the applicability of *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994); and the type of records subject to a FOIA request.

Plaintiff also objects to the application of the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 5, PAGE ID #38). However, the Magistrate Judge did not recommend abstention as a basis for dismissal.

Finally, Plaintiff requests that the Magistrate Judge recuse herself from this matter.

**II.    Analysis**

  **A.  Request for Recusal**

Plaintiff requests that the Magistrate Judge recuse herself from this matter due to "past and present bias and prejudice." Plaintiff explains that the Magistrate Judge "has in the past deliberately violated other litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that with is needed for full, fair, impartial hearings." (Doc. 5, PAGEID # 45). Plaintiff provides no additional factual detail.

Disqualification must be predicated "'upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997) (quoting *United States v.*

*Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)).  Plaintiff has not filed a motion or an affidavit pursuant to pursuant to 28 U.S.C. § 144.  Moreover, Plaintiff has not identified any extrajudicial conduct on the part of the Magistrate Judge, as opposed to judicial conduct, which would disqualify her from this proceeding.  Therefore, Plaintiff's request to disqualify the Magistrate Judge from this proceeding is DENIED.

### B. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist.  *Id.* at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32.

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  To

5

satisfy this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, (2007)); *see Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (stating that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions," or, "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]," devoid of "further factual enhancement." *Id.* at 557.

Plaintiff argues that *Jones v. Bock*, cited by the Magistrate Judge in explaining the standard of review under 28 U.S.C. § 1915(e)(2), is not applicable. To a certain extent, Plaintiff is correct. However, the Court notes that the Magistrate Judge cited to *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) not for a directly applicable legal proposition, but to explain as part of a case citation that *Jones*

6

overruled part of *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) on grounds other than those which the Magistrate Judge was citing *McGore*. (See Doc. 4, PAGEID # 28).[3] The Court finds no error in including *Jones* as part of this citation.

## C. Section 1983

### 1. Absolute immunity

Judges are entitled to absolute judicial immunity from suits for all actions taken in their judicial capacity, unless the actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Likewise, "[a] government officer is entitled to absolute immunity for performing functions 'intimately associated with the judicial phase of the criminal process.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The Sixth Circuit has explained the general contours of absolute immunity in this context:

> Title 42, Section 1983 of the United States Code creates civil liability for public officials who violate a person's constitutional rights while acting under color of law. The Supreme Court, however, has recognized two kinds of immunity which shield some official actions from liability which might otherwise arise under § 1983. The most common type of immunity is qualified immunity, which protects officials from liability when a

---

[3]In her R&R, the Magistrate Judge stated:

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield*, 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

(Doc. 4, PAGEID # 28).

7

> reasonable official in the defendant's position would not have understood his or her actions to violate a person's constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). . . . More limited in application, but certainly broader in protection, is absolute immunity, which the Supreme Court has held applies to the performance of certain functions when those functions are integral to the functioning of our adversarial judicial system. *See Briscoe v. LaHue*, 460 U.S. 325, 345, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). The Supreme Court has carefully circumscribed the doctrine, however, because absolute immunity protects an official from liability even when the official acted with knowledge of the constitutional violation. *Id.*

*Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006) (footnote omitted). The Sixth Circuit has explained that under this "functional approach" an official's "acts undertaken in direct preparation of judicial proceedings . . . warrant absolute immunity, whereas other acts, such as the preliminary gathering of evidence that may ripen into a prosecution, are too attenuated to the judicial process to afford absolute protection." *Adams*, 656 F.3d at 402 (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997). The Sixth Circuit has cautioned: "Using this approach, courts must look to the nature of the function performed, not the identity of the actor who performed it." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (internal quotation marks and citation omitted).

  Plaintiff alleges that Bishop gave contradicting information about her affiliation to the Hamilton County and Cincinnati Prosecutor's Office; suppressed "important discoverable evidences [sic] material to guilt or punishment;" and during the trial "attempted to hatefully defame Plaintiff by incorrectly addressing his gender viciously." (Doc. 3, PAGEID #18-19). Plaintiff alleges that Judge Stockdale refused to give him time to subpoena witnesses and "selected a jury of eight white people with improper instructions detrimental to Plaintiff's acquittal." (Doc. 3, PAGEID # 19). Plaintiff alleges

that Judge Mallory denied his expungement motion because he did not believe Plaintiff was indigent because Plaintiff "was wearing an expensive coat and was carrying an ABA Journal in his hands." (Doc. 3, PAGEID # 20). Plaintiff explains that Judge Mallory ordered Plaintiff's proofs of income for the past four years. (Id.) Plaintiff alleges that even though he complied with Judge Mallory's requests, Judge Mallory refused to grant his expungement because Judge Mallory has "deep vicious feelings" against him. (Id.) Plaintiff does not include any specific allegations with regards to Judge Dinkelaker.

The Court concludes that the nature of the functions identified in Plaintiff's allegations are either functions normally performed by a judge or were integral to the judicial process. Accordingly, the Court finds that Defendants Jennifer Bishop, Judge Stockdale, Judge Mallory and Judge Dinkelaker are entitled to absolute immunity from Plaintiff's claims.

### 2. Municipal liability

For a municipality to be liable under 42 U.S.C. § 1983, a plaintiff must show that the alleged injuries were inflicted pursuant to a governmental custom, policy or practice. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978) (explaining that a county policy must have been a moving force behind the alleged constitutional violation). While Plaintiff questions the age of the decision, *Monell* is still controlling law.

A plaintiff may show that the municipality was responsible in four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th

Cir. 2013). Plaintiff has not alleged facts which would fit within any one of these four theories. Plaintiff's allegation against the Hamilton County Public Defender's office, as clarified in his objections, is that the office "filed the expungement petition with wrong financial information and caused Plaintiff lots of Humiliation during the expungement hearing." (Doc. 5, PAGEID # 42). As the Magistrate Judge explained, this allegation does not indicate that the office was acting pursuant to a governmental policy or custom. Therefore, the Court finds that Plaintiff has failed to state a claim against the City of Cincinnati and the Hamilton County Public Defender's office.

### 3. *Heck v. Humphrey*

As the Magistrate Judge explained, under *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent that Plaintiff's claims are based upon his allegedly unconstitutional conviction, Plaintiff must show that the conviction was invalidated before he is able to recover money damages. Specifically, Plaintiff must show that his previous conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. While Plaintiff takes issue with the expungement proceedings, Plaintiff does not deny that his conviction was not expunged. Therefore, Plaintiff cannot state a claim based on his allegedly unconstitutional conviction.

### 4. **FOIA**

In his objections, Plaintiff argues that he can request his trial transcripts pursuant to the Freedom of Information Act when "the statistics show that Ohio Counties receive Federal funding." (Doc. 5, PAGEID# 44). Plaintiff has also attached the requests to his

objections. (Doc. 5-1). The requests are transcript requests in the Hamilton County Municipal Court and Ohio's First District Court of Appeals. However, as the Sixth Circuit has explained, "it is beyond question that FOIA applies only to federal and not to state agencies." *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (quoting *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999). Therefore, Plaintiff cannot state a claim based on his request for his trial transcripts.

### D. Motion for Speedy Trial

In his Motion for Speedy Trial, Plaintiff requests a speedy trial date pursuant to 18 U.S.C. § 3161. However, because the Court has dismissed Plaintiff's claims, the Court finds that Plaintiff's Motion for Speedy Trial is DENIED as MOOT.

### III. Conclusion

Based on the foregoing, the Magistrate Judge's May 21, 2014 R&R (Docs. 4) is **ADOPTED**. Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B);

    a. Plaintiff's claims under 42 U.S.C. § 1983 for violations of the Fifth, Eighth and Fourteenth Amendments and for a violation of the Freedom of Information Act are DISMISSED with PREJUDICE;

    b. Plaintiff's claim of intentional infliction of emotional distress is DISMISSED without PREJUDICE;

2. Plaintiff's Motion for Speedy Trial (Doc. 6) is **DENIED as MOOT**; and

3. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED**.

                                                                */s/ Michael R. Barrett*
                                                                 United States District Judge